

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERONICA SLAUGHTER, | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV03-CO-01403-S |
| | ] |
| CVS RX SERVICES, INC., | ] |
| | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

I.  Introduction

The Court currently has for consideration Plaintiffs' motion to facilitate notice under 29 U.S.C. § 216(b), which was filed on July 9, 2004. (Doc. 25.) This motion has been fully briefed and is ready for submission. The Court also has for consideration Plaintiffs' motion to submit an additional exhibit to their supplement to their memorandum in support of their motion to facilitate section 216(b) notice (Doc. 39), Defendant's opposition to Plaintiffs' motion to submit an additional exhibit and motion to strike that exhibit (Doc. 41), Plaintiffs' motion to submit another additional exhibit to their supplement to their memorandum in support of

their motion to facilitate section 216(b) notice (Doc. 42), Defendant's opposition to Plaintiffs' motion to submit this added exhibit and motion to strike the exhibit (Doc. 44), and Defendant's motion for permission to file a second affidavit of Mark Griffin (Doc. 43).

The various plaintiffs in this collective action have alleged that defendant CVS, Inc., has violated and continues to violate the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay its full-time pharmacists overtime compensation for hours worked in excess of forty (40) hours per week.  Plaintiffs ask the Court to authorize notice by first class mail to all similarly situated persons employed by CVS as full-time pharmacists during the three years prior to the filing of this present cause of action.  Plaintiffs also request that the Court order CVS to produce the names, addresses, social security numbers, and telephone numbers of all potential plaintiffs in a "computer readable data file" in order to facilitate and implement notice.  (Doc. 25.)  CVS counters that Plaintiffs' cause of action is without merit because the plaintiffs and other

full-time pharmacists are exempt professionals under the FLSA.[1] CVS also argues that Plaintiffs' motion to facilitate notice should be denied because they have not satisfied the elements required by 29 U.S.C. § 216(b).

Upon due consideration and for the reasons stated in this opinion, Plaintiffs' motion to facilitate notice (Doc. 25) is denied. Plaintiffs' motions to submit additional exhibits (Docs. 39, 42) are granted. Defendant's motions to strike (Docs. 41, 44) are denied, and Defendant's motion to file a second affidavit of Mark Griffin (Doc. 43) is granted.

II.     Procedural History

Plaintiffs filed their complaint in this case on June 12, 2003, and alleged a collective action against defendant CVS "on behalf of all persons, who are past or current pharmacists employed by any or all CVS stores/locations in the United States of America and who are owed overtime compensation from CVS from the period beginning three years prior to the filing of [Plaintiffs' complaint] until the present." (Doc. 1 at 1.) The thirteen plaintiffs named in the complaint state that they were employed

---

[1] This argument goes to the merits of Plaintiffs' lawsuit and will not be addressed in this opinion.

as full-time pharmacists in CVS stores in Alabama and Georgia. The plaintiffs claim that throughout their employment at CVS, they were treated as hourly employees, required to work in excess of forty hours per week, docked pay if they worked less than forty hours per week, and paid only an hourly rate for hours worked in excess of forty hours per week. Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, prejudgment interest, and attorneys' fees. Defendant CVS filed its answer to Plaintiffs' complaint on September 5, 2003. (Doc. 3.)

It was not until July 9, 2004, however, that the plaintiffs filed their motion to facilitate notice pursuant to 29 U.S.C. § 216(b) (Doc. 25) and accompanying memorandum (Doc. 26). On August 16, 2004, Plaintiffs filed a supplement to their memorandum to facilitate section 216(b) notice. (Doc. 35.) Two days later, on August 18, 2004, Plaintiffs moved to submit an additional exhibit to their supplement, which included the affidavit of a named plaintiff, Segun Ogunde. (Doc. 39.) Defendant CVS opposed Plaintiffs' submission of Ms. Ogunde's affidavit and moved to strike the exhibit as untimely and inadmissible. (Doc. 41.) On September 2, 2004, the plaintiffs made yet another motion to submit an affidavit of a CVS full-time

pharmacist not named in Plaintiffs' complaint, Olla Raffell. (Doc. 42.) In response to this second affidavit, CVS opposed Plaintiffs' submission, moved to strike the exhibit as untimely and inadmissible (Doc. 44), and moved to submit a second affidavit of CVS employee Mark Griffin to rebut Plaintiffs' new affidavit (Doc. 43). Plaintiffs opposed Defendant's objections and motions, and represented to the Court that they would submit briefs in support of their opposition on or before October 8, 2004. (Docs. 45-48.) They filed these documents on October 15, 2004, instead. (Docs. 52-53.) Discovery in this case was set to end on October 15, 2004, but that deadline was stayed, following a joint motion by the parties, on October 5, 2004. (Docs. 49-50.)

III.  Discussion

Plaintiffs have brought this FLSA action against CVS on behalf of themselves and all pharmacists similarly situated, but "a member of the class who is not individually named in the complaint is not a party to [an FLSA lawsuit] unless he affirmatively 'opts in' by filing a written consent

with the Court."² *Haynes v. Singer Co.*, 696 F.2d 884, 885 (11th Cir. 1983) (citing 29 U.S.C. § 216(b)). The plaintiffs in this case have asked the Court for an order authorizing notice by first class mail to all similarly situated persons employed by CVS as full-time pharmacists during the three years prior to the filing of this cause of action, which informs them of their right to opt-in to this lawsuit. (Doc. 25.) In order to facilitate that notice, Plaintiffs have also requested that the Court order CVS to produce the names, addresses, social security numbers, and telephone numbers of all potential plaintiffs in a "computer readable data file." (*Id.*)

Defendant CVS does not dispute that this Court has the authority to issue an order requiring notice to "similarly situated" employees when an order is sought by plaintiffs in an FLSA action. The Eleventh Circuit Court of Appeals has held that the "'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate

---

²In this manner, a class action under 29 U.S.C. § 216(b) is a "fundamentally different creature than the Rule 23 class action." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

conditions." *Dybach v. State of Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991) (quoting *Braunstein v. E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978)) (internal citation omitted). A district court also has the power to allow for discovery of the names and addresses of potential class members. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

CVS does contend, however, that Plaintiffs have not met their "burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class they propose[]." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). Before a district court issues an order requiring notice, plaintiffs must show to the court's satisfaction "that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach*, 942 F.2d at 1567-68. The decision whether to facilitate notice to potential plaintiffs, however, remains within the sole discretion of the district court. *Hoffman-La Roche Inc.*, 493 U.S. at 169; *Hipp*, 252 F.3d at 1219.

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit Court of Appeals suggested a two-tiered

approach for dealing with class certification under 29 U.S.C. § 216(b).[3] First, a district court would make a decision, "usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)). Then, "after discovery is largely complete . . . [and] the court has much more information on which to base its decision," the district court makes a "factual determination" whether the claimants are similarly situated. *Id.* If the claimants are not similarly situated, the district court may then "decertify" the class and dismiss the opt-in plaintiffs without prejudice. *Id.* This procedure, however, is a suggestion and not a requirement. The Eleventh Circuit made it very clear that "[n]othing in our circuit precedent . . . requires district courts to use this approach." *Id.* at 1219.

Plaintiffs argue throughout their submissions to this Court that they have a "low burden" and they have met that burden. If this action were of

---

[3]Although the Eleventh Circuit was specifically addressing a collective action brought under the Age Discrimination in Employment Act of 1967 (ADEA) in *Hipp*, its analysis also applies to collective actions brought under the FLSA. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

the type described by the Eleventh Circuit in *Hipp*, that may, in fact, be true. The Eleventh Circuit recommended using a "fairly lenient standard" at the early "notice stage" because the court has minimal evidence on which to base its decision. *Id*. at 1218. In this case, however, the parties have conducted extensive discovery, and Plaintiffs have continued to supplement their motion to facilitate notice as new evidence became available. Therefore, it is the Court's conclusion that a more rigorous standard is appropriate.[4]

Nonetheless, even if the "fairly lenient standard" is applied, Plaintiffs have failed to show that other similarly situated employees in the broad class that Plaintiffs propose desire to opt-in to this lawsuit. Despite Plaintiffs' argument that they must merely show that "there are other employees of the . . . employer who [*may*] desire to 'opt-in,'"[5] (Doc. 35 at

---

[4]This conclusion is in keeping with the holdings of other Alabama federal district courts. *See e.g.*, *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) (Thompson, J.); *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002) (Albritton, C.J.); *Brooks v. BellSouth Telecomms., Inc.*, 164 F.R.D. 561, 566 (N.D. Ala. 1995) (Blackburn, J.).

[5]Plaintiffs cite Judge Thompson's opinion in *Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F. Supp. 418 (M.D. Ala. 1991) in support of this proposition. First, the Court notes that this decision is not precedent. Second, that case is distinguishable on the facts. In *Garner*, the court did not require specific proof that other persons actually

3 (emphasis added)) the Eleventh Circuit has held that plaintiffs must provide evidence that satisfies the district court that other similarly situated employees *actually desire* to opt-in to the litigation. *Dybach*, 942 F.2d at 1567; *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003). Plaintiffs' original and supplemental briefs in support of their motion to facilitate notice do not include any evidence or arguments that other employees similarly situated to the current plaintiffs actually desire to opt-in to this lawsuit. (Docs. 26, 35.) Plaintiffs later moved to submit the affidavit of Segun Ogunde. (Doc. 39.) Ms. Ogunde merely states, however, that she knows one full-time pharmacist who is not a member of the current action, but she "believe[s] if he was made aware of the pendency of this action he, along with others would join the suit against CVS." This is not evidence that another employee desires to join this lawsuit. It is mere conjecture.

---

desired to opt-in to the lawsuit. However, the plaintiffs had presented evidence of the identities of forty other women who could establish a prima facie case of discrimination and who all appeared to the court to be victims of discrimination. *Id.* at 422. In this case, we do not have that kind of evidence. Despite the fact that the parties have conducted extensive discovery and submitted comprehensive evidence to the Court, Plaintiffs have not submitted any evidence of the identities of any full-time CVS pharmacists who are similarly situated to the named plaintiffs or appear to this Court to be "aggrieved." *See infra* note 6.

Plaintiffs have since filed a motion to submit an additional affidavit they say supports their contention that other similarly situated employees desire to opt-in to this action. (Doc. 42.) In this second affidavit, Ms. Ola Raffell asserts she was employed as a full-time pharmacist for CVS for the past three years, believes she is paid on an hourly basis, and wants to join this lawsuit "to obtain overtime compensation that CVS owes me because I am an hourly, rather than salary [sic], employee." Even if this Court accepts Ms. Raffell's affidavit as establishing that she is a similarly situated employee who desires to opt-in to this litigation,[6] all the plaintiffs have

---

[6] In fact, the Court does not believe that Ms. Raffell's affidavit establishes that she is "similarly situated" with respect to her job requirements and pay provisions to the plaintiffs in this lawsuit. *Dybach*, 942 F.2d at 1568. Plaintiffs appear to assume that all full-time pharmacists who worked for CVS in the past three years have similar job requirements and similar pay provisions. Plaintiffs claim they have submitted evidence of a "uniform method of payment for all full-time pharmacists." (Doc. 52 at 4.) Plaintiffs have not pointed to any evidence, however, in affidavits or otherwise, that full-time pharmacists nationwide have similar job requirements—nor does Ms. Raffell allege in her affidavit that she had similar job requirements to the named plaintiffs in this case.

In addition, Ms. Raffell does not allege any facts in her affidavit that would lead this court to believe that she is an "aggrieved individual" in this lawsuit. *Haynes*, 696 F.2d at 887. She merely concludes that she is entitled to overtime compensation because she believes that she is an hourly employee. The Eleventh Circuit held in *Dybach* that an employee must be "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach*, 942 F.2d at 1567-68. The Court does not interpret this qualification to mean, however, that it must consider the affidavit of any person subject to similar job requirements and pay provisions who says he or she desires to opt-in to the lawsuit. Rather, that person must also allege some

shown is that in a time period of over fourteen months since the filing of their complaint in this case[7] and less than two months prior to when discovery was set to end,[8] the named plaintiffs found *one* person who desires to opt-in to this lawsuit. Plaintiffs allege that the proof of the existence of this one person[9] justifies sending notice to an "undetermined number of current and former CVS pharmacists" who work in "more than 4,100 stores in 34 states" nationwide.[10] (Doc. 26 at 8.) Under either a "fairly lenient standard" or a "more rigorous standard," the assertions of

---

facts that show they have a similar claim of wrongful injury by the defendant. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (noting that the plaintiffs "all held the same job title, and they all alleged similar, though not identical, discriminatory treatment" in its decision to affirm the district court's decision to create an opt-in class under 29 U.S.C. § 216(b)). Ms. Raffell does not state any facts from which this Court can conclude that she may have suffered any injury whatsoever.

[7]Ms. Raffell's affidavit is dated August 27, 2004. Plaintiffs' complaint was filed on June 12, 2003. (Doc. 1.) The Court acknowledges Plaintiffs' argument that Ms. Raffell submitted her consent to join this lawsuit in May of 2004. (Doc. 52 at 8.) This does not change the fact that in a time period of over fourteen months, Plaintiffs still only had evidence of one other person who said she desired to join this litigation.

[8]Discovery was set to end on October 15, 2004 (Doc. 14 at 3), but that deadline was stayed, pursuant to the Court's order on October 5, 2004 (Doc. 50.)

[9]The Court notes that this employee works in a Georgia store, as do several of the named plaintiffs.

[10]Defendant CVS estimates the total number of pharmacists to be approximately 12,000. (Doc. 38 at 1.)

one employee do not establish to this Court's satisfaction that similarly situated employees in the class that Plaintiffs propose desire to opt-in to this lawsuit. The authority to require notice under 29 U.S.C. § 216(b) is justified in large part by the benefits it brings to the judicial system: "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [wrongful] activity." *Hoffman-La Roche Inc.*, 493 U.S. at 170. Judicial economy is not supported by a decision to grant notice to Plaintiffs' proposed class in this case. Plaintiffs have not met their "burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class they propose[]." *Haynes,* 696 F.2d at 887.

IV. Conclusion

For the reasons stated in this opinion, this Court exercises its discretion to refuse to authorize and order notice to Plaintiffs' proposed class. The Court acknowledges the "broad remedial purpose" of the FLSA, but concludes that Plaintiffs have not satisfied the court that other "similarly situated" CVS employees, in the broad class that Plaintiffs propose, desire to opt-in to this litigation. *Dybach,* 942 F.2d at 1567-68. If

there are such employees, this decision does not preclude them from filing lawsuits of their own. Accordingly, Plaintiffs' motion to facilitate notice is denied. A separate order will be issued in conformity with this opinion.

Done, this 1st of November, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE